IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JANIE MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:15-cv-02428-STA-tmp |
| | ) | |
| | ) | |
| INTERNAL AFFAIRS NICKY JORDAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER PARTIALLY GRANTING AND PARTIALLY DENYING
DEFENDANTS' MOTION TO DISMISS

Plaintiff Janie Morris filed this action pursuant to 42 U.S.C. § 1983 against Defendants Tennessee Department of Correction ("TDOC") Internal Affairs Officer Nicky Jordan, Warden Brenda Jones, TDOC Commissioner Derrick Schofield, and John Does 1 – 10 for allegedly violating her rights under the Fourth Amendment to the United States Constitution. Plaintiff has also asserted a claim under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29–20–101 *et seq*. Defendants Commissioner Schofield and Officer Jordan have filed a motion to dismiss. (ECF No. 31.) Plaintiff has filed a response. (ECF No. 34.) For the reasons set forth below, the motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[1] A complaint may be

---

[1] Fed. R. Civ. P. 8(a)(2).

1

attacked for failure "to state a claim upon which relief can be granted."[2] When considering a Rule 12(b)(6) motion to dismiss, a Court will presume that all the factual allegations in the complaint are true and will draw all reasonable inferences in favor of the nonmoving party.[3] "The court need not, however, accept unwarranted factual inferences."[4]

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[6] That is, a complaint must contain enough facts "to state a claim to relief that is plausible on its face."[7] A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] If the Court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)).

[4] *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

[6] *Id.* (citations omitted).

[7] *Id.* at 570.

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

entitled to relief.'"[9]  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."[10]

The complaint alleges as follows.  On June 24, 2014, Plaintiff was employed as an officer at the West Tennessee State Penitentiary in Henning, Tennessee.[11]  On that date, Plaintiff arranged for inmate Gregory Dotson to be moved to a new cell because of a purported conflict with his cellmate.[12]  Plaintiff opened the door of Dotson's new cell so that she could place cleaning supplies in it.[13] When the door was opened, Dotson pushed his way out of the cell and assaulted Correctional Officer Roger Snow.[14] Defendant Jordan initiated an investigation of Plaintiff at the direction of Defendants Warden Jones and Commissioner Schofield.[15]  At the conclusion of his investigation, Defendant Officer Jordan received permission from Defendants Jones and Schofield to arrest Plaintiff for the offense of Official Misconduct in violation of Tenn. Code Ann. § 39-16-402.[16]

---

[9]  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

[10]  *Id.*

[11]  (Cmplt, ¶ 13, ECF No. 1.)

[12]  (*Id.* ¶ 14.)

[13]  (*Id.* ¶¶ 15-16.)

[14]  (*Id.* ¶¶ 17-18.)

[15]  (*Id.* ¶¶ 20-21)

[16]  (*Id.* ¶¶ 22-23.)  Defendants contend that they believed that Plaintiff intentionally allowed Inmate Dotson out of his cell for the purpose of assaulting Officer Snow.  (Defs' Memo. p. 1, ECF No. 31-1.)

Plaintiff agrees that the claims brought pursuant to the TGTLA should be dismissed.[17] Plaintiff also agrees that the claims against Defendants in their official capacities are barred by the Eleventh Amendment and must be dismissed.[18] Therefore, the portion of Defendants' motion seeking to dismiss the TGTLA claims and the official capacity claims is GRANTED.[19]

Defendants contend that the claims against Defendant Commissioner Schofield are based on the doctrine of respondeat superior and must be dismissed. According to Defendants, the allegations against Defendant Commissioner are "based solely on his position of authority, including a failure to train or to promulgate certain policies, among other allegations."[20]

As noted by Defendants, it is well-settled that the doctrine of respondeat superior is only a basis for liability under § 1983 if there are allegations and proof of personal complicity.[21] Thus, to survive a motion to dismiss, a plaintiff must allege that the defendant was personally involved in some manner in the alleged unconstitutional activity set out in the complaint.[22] In the present case, Plaintiff has met that burden. Plaintiff has alleged that Defendant Commissioner directed Defendant Officer Jordan to investigate the incident involving Plaintiff, Inmate Dotson, and Officer Snow. She has also alleged that Defendant Commissioner gave Defendant Officer Jordan

---

[17] (Pl's Resp. p. 5, ECF No. 34-1.)

[18] (*Id.* at p. 8.)

[19] Plaintiff has also clarified that her claims under § 1983 are based on violations of her federal civil rights and are not predicated on violations of state law. (*Id.* at p. 7.)

[20] (Defs' Memo. at p. 2, ECF No. 31-1.)

[21] *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978); *Rizzo v. Goode*, 423 U.S. 658, 694 (1976); *Wilson v. Beebe*, 612 F.2d 275, 276 (6th Cir. 1980).

[22] *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1983).

permission to arrest Plaintiff. Construing the complaint in the light most favorable to Plaintiff, accepting her well-pleaded factual allegations as true, and drawing all reasonable inferences in her favor, the Court finds that Plaintiff has sufficiently pled that Defendant Commissioner was personally involved with the actions giving rise to her lawsuit. Accordingly, this portion of Defendants' motion is DENIED.

Defendants also contend that Plaintiff's claim for civil conspiracy must be dismissed for lack of specificity. According to Defendants, Plaintiff has not provided any factual allegations stating the roles that Defendants played in the alleged conspiracy but, instead, has made "broad allegations that all the defendants conspired together to violate her civil rights."[23]

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action."[24] To survive a motion to dismiss, a plaintiff must allege: (1) the existence of a single plan; (2) that the co-conspirators shared in a general conspiratorial objective; and (3) an overt act in furtherance of the conspiracy that caused injury to the plaintiff.[25] "[C]onspiracy claims must be pled with some degree of specificity."[26] When the plaintiff asserts that the defendants had a "shared plan" and took actions in furtherance of that conspiratorial plan, the allegation will survive a motion to dismiss.[27]

---

[23] (Defs' Memo. at p. 4, ECF No. 31-1.)

[24] *Hooks v. Hooks* 771 F.2d 935, 943–44 (6th Cir. 1985).

[25] *Id.* at 944. *See also Kincaid v. South Trust Bank,* 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006) (discussing elements of a state law claim of civil conspiracy).

[26] *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

[27] *See Huffer v. Bogen*, 503 F. App'x 455, 462 (6th Cir. 2012) (dismissing conspiracy claim because the plaintiff failed to include allegations regarding an agreement or shared plan).

In the present case, Defendants are alleged to have acted in concert by initiating an investigation at the direction of Defendants Warden Jones and Commissioner Schofield.[28] Defendant Officer Jordan allegedly sought and received permission to arrest Plaintiff from Defendants Jones and Schofield.[29] Defendant Officer Jordan allegedly committed an overt act in furtherance of the conspiracy in arresting Plaintiff without a warrant or probable cause, resulting in injury to Plaintiff.[30]

Construing the allegations in the light most favorable to Plaintiff, the Court finds that she has sufficiently pled a claim of civil conspiracy, i.e., Defendants had a "shared plan" and took actions in furtherance of that conspiratorial plan, and Defendants' motion to dismiss the civil conspiracy claims is DENIED.

In summary, Defendants' motion to dismiss is **PARTIALLY GRANTED** and **PARTIALLY DENIED**. The motion is granted on Plaintiff's TGTLA claims and her official capacity claims, and those claims are hereby dismissed. The motion is denied as to all remaining claims.

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   July 19, 2016.

---

[28] (Cmplt. ¶¶ 20-21, ECF No.1.)

[29] (*Id.* at ¶ 23.)

[30] (*Id.* at ¶¶ 22, 37 - 40.)